KATHLEEN M. HARTMAN, Esq. (SBN 219934)
SUREN N. WEERASURIYA, Esq. (SBN 278521)
**CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**
2601 Main Street, Suite 800
Irvine, California 92614
Tel:   (949) 261-2872
Fax:   (949) 261-6060
Email: khartman@ctsclaw.com
       sweerasuriya@ctsclaw.com

Attorneys for Plaintiff,
**BRENT WEICKERT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BRENT WEICKERT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NATURAL PRODUCTS ASSOCIATION; DANIEL FABRICANT and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Case No.:  15-CV-9874-JFW (JEMx)<br><br>Judge:  John F. Walter<br>Dept:   16<br>Mag. Judge:  John E. McDermott<br>Complaint Date:  12/7/2015<br><br>**STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)** |

Plaintiff, Brent Weickert, and Defendants, Natural Productions Association ("NPA") and Daniel Fabricant ("Fabricant") (collectively "Defendants"), hereby agree and stipulate as follows:

//

//

//

- 1 -
**STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**

1. WHEREAS, Plaintiff filed a Complaint against Defendants on or about December 04, 2015, in the Superior Court of California, County of San Luis Obispo;

2. WHEREAS, Defendants removed this case to the United States District Court for the Central District of California, on or about December 23, 2015 [ECF Doc. #1];

3. WHEREAS, Defendants filed an Amended Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), on or about January 21, 2016 [ECF Doc. No. 30];

4. WHEREAS, the parties met and conferred pursuant to Local Rule 7-3 on or about January 13, 2016 and again, on or about January 22, 2016 regarding a transfer of venue pursuant to 28 U.S.C. §1404(a), from the United States District Court for the Central District Court of California to the United States District Court for the District of Columbia.

5. WHEREAS, a transfer of venue pursuant to 28 U.S.C. §1404(a) is for the convenience of all parties and witnesses and in the interests of justice.

6. WHEREAS, a transfer of venue pursuant to 28 U.S.C. §1404(a) is for the convenience of all parties because Defendants reside in the District of Columbia and Plaintiff will have easier access to non-party witnesses residing in the area;

7. WHEREAS, a transfer of venue pursuant to 28 U.S.C. §1404(a) is for the convenience of witnesses because all witnesses with the exception of Plaintiff and perhaps one other witness, reside in the District of Columbia;

8. WHEREAS, a transfer of venue pursuant to 28 U.S.C. §1404(a) is in the interests of justice because many of the events alleged in the Complaint took place in Washington D.C. and the District Court for the District of Columbia had approximately fifteen percent (15%) of the number of cases that the Central District of California did, as of June 30, 2015[1];

---

[1] http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3

- 2 -
**STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**

1    9.  WHEREAS, the District Court for the District of Columbia has subject matter jurisdiction over Plaintiff claims because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00;

10. WHEREAS, the District Court for the District of Columbia has personal jurisdiction over Defendants because they reside in the District of Columbia and were personally served with Plaintiff's lawsuit while physically present in the District of Columbia;

11. WHEREAS, the District Court for the District of Columbia is a proper venue because all Defendants reside in the District of Columbia;

12. WHEREAS, the District Court for the District of Columbia is required to apply California law to Plaintiff's claims;

13. WHEREAS, the parties stipulated to seek an order transferring venue for good-cause and not for the purpose of delaying the proceedings;

IT IS HEREBY STIPULATED between the parties that the Court should enter an Order pursuant to 28 U.S.C. §1404(a), transferring this entire from the United States District Court for the Central District of California to the District Court for the District of Columbia and California law shall apply to Plaintiff's claims.

//
//
//
//
//
//
//
//
//

- 3 -
**STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**

**Attestation pursuant to L.R. 5-4.3.(a)(2)(i)**

I, Kathleen M. Hartman, attest that the other signatory to this filing, Darth K. Vaughn, concurs with the contents of this stipulation and has authorized the filing. Mr. Vaughn has authorized me to affix his electronic signature to this document.

DATED: January 26, 2016      **CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By    */s/ Kathleen M. Hartman*
      KATHLEEN M. HARTMAN
      SUREN N. WEERASURIYA
      Attorneys for Plaintiff
      **BRENT WEICKERT**

DATED: January 26, 2016      **LIGHTGABLER**

By    */s/Darth K. Vaughn*
      DARTH K. VAUGHN
      BRIER M. SETLUR
      Attorneys for Defendants
      **NPA AND DANIEL FABRICANT**

- 4 -
**STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**