KATHLEEN M. HARTMAN, Esq. (SBN 219934)
SUREN N. WEERASURIYA, Esq. (SBN 278521)
**CALLAHAN, THOMPSON, SHERMAN**
  **& CAUDILL, LLP**
2601 Main Street, Suite 800
Irvine, California 92614
Tel:   (949) 261-2872
Fax:   (949) 261-6060
Email: khartman@ctsclaw.com
       sweerasuriya@ctsclaw.com

Attorneys for Plaintiff,
**BRENT WEICKERT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BRENT WEICKERT<br><br>Plaintiff,<br><br>vs.<br><br>NATURAL PRODUCTS ASSOCIATION; DANIEL FABRICANT and DOES 1-25, inclusive,<br><br>Defendants. | Case No.:  15-CV-9874-JFW (JEMx)<br><br>Judge:  John F. Walter<br>Dept:<br>Mag. Judge:  John E. McDermott<br>Complaint Date:  12/7/2015<br><br>**DECLARATION OF KATHLEEN M. HARTMAN IN SUPPORT OF STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)** |

- 1 -
**DECLARATION OF KATHLEEN M. HARTMAN IN SUPPORT OF STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**

## DECLARATION OF KATHLEEN HARTMAN

I, Kathleen Hartman, declare as follows:

1. I am an attorney licensed to practice law in the State of California and in the Central District Court. I am a partner at Callahan, Thompson, Sherman & Caudill, LLP, counsel of record for Plaintiff, Brent Weickert, in the present case. This declaration is based on matters within my personal knowledge. If called upon, I am competent to testify in a court of law as to the contents of this declaration. I am lead counsel for Plaintiff.

2. On January 22, 2016, I met and conferred with lead counsel for Defendants Natural Products Association and Daniel Fabricant ("Defendants"), Darth Vaughn, and we agreed that it is appropriate to stipulate to transfer this case to the District Court for the District of Columbia because a transfer is in the interests of justice and for the convenience of the parties and witnesses.

3. A transfer of this case pursuant to 28 U.S.C. §1404(a) is for the convenience of the parties. Since Defendants reside in Washington D.C., the proposed venue for transfer is more convenient to Defendants than the present venue. The convenience for Plaintiff lies in his ability to access local witnesses in the Washington D.C. area. Due to the constraints imposed by Rule 45 of the Federal Rules of Civil Procedure, Plaintiff may face unnecessary difficulty subpoenaing non-party witnesses in Washington D.C. This will force Plaintiff to engage in substantial motion practice, unnecessarily clogging the present Court and incurring fees and costs in procuring witnesses that would be easily available in the proposed venue. Transfer is for the convenience of all involved parties, including Plaintiff.

4. There are numerous witnesses likely residing in Washington D.C., who would be greatly inconvenienced and are likely to oppose any subpoena pursuant to Rule 45. Plaintiff anticipates the following witnesses that are in Washington D.C. and the following subjects of testimony:

**DECLARATION OF KATHLEEN M. HARTMAN IN SUPPORT OF STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**

a. **Cory Hilmas:** Mr. Weickert alleges that Mr. Hilmas, an employee of NPA, and Mr. Fabricant, went to strip clubs, using NPA money. Mr. Weickert alleges that he communicated these issues to Roxanne Green in a letter. Mr. Hilmas' testimony is highly relevant to the Wrongful Termination in Violation of Public Policy claim and the claim for violations of the Whistleblower Act, Cal. Lab. Code §1102.5.

b. **Adam Finney:** Mr. Weickert alleges that a female employee was sexually assaulted as a result of a night out drinking with Mr. Fabricant, using NPA funds and that said employee disclosed to Mr. Finney, the events leading up to, and after the assault. Mr. Finney's testimony is highly relevant to the Wrongful Termination in Violation of Public Policy claim and the claim for violations of the Whistleblower Act, Cal. Lab. Code §1102.5.

c. **Female employee/victim of sexual assault:** Mr. Weickert alleges that a female employee was sexually assaulted after a night out drinking with Mr. Fabricant. While Mr. Weickert cannot be certain that this individual still lives in Washington D.C., there is sufficient information to believe as such and her testimony is highly relevant to the Wrongful Termination in Violation of Public Policy claim and the claim for violations of the Whistleblower Act, Cal. Lab. Code §1102.5.

5. There are other witnesses whom may not be present employees of NPA that are likely residing in Washington, D.C. and have knowledge of relevant information. For example, there is an individual who was employed by NPA and allegedly ridiculed by Mr. Fabricant, for praying to her rosary; this is relevant for Mr. Weickert's hostile work environment and retaliation claim, as well as his Wrongful Termination in Violation of Public Policy claim and his claim for violations of California Labor Code Section 1102.5. There are also numerous female

- 3 -
**DECLARATION OF KATHLEEN M. HARTMAN IN SUPPORT OF STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**

employees to whom Mr. Fabricant allegedly showed pictures of his strip club outings. Testimony by these female employees is relevant for Mr. Weickert's Wrongful Termination in Violation of Public Policy claim and his claim for violations of the Whistleblower Act, Cal. Lab. Code §1102.5. There are likely countless witnesses residing in the area that would have highly relevant and admissible information regarding the claims at issue.

6. The interests of justice weigh in favor of a transfer, as the Central District of California has nearly twice the number of judges as the District Court for the District of Columbia, but had six (6) times the number of cases filed between July 01, 2014 and June 30, 2015. These statistics reflect that at the very least, the District Court for the District of Columbia has the same judicial resources available for the litigation of this case as the Central District of California, if not more.[1]

7. Washington D.C. has a strong interest in having this case heard within its court system. NPA is registered as a non-profit corporation and does public interest work. NPA claims "NPA is recognized for its strong lobbying presence in Washington, D.C., where it serves as the industry watchdog on regulatory and legislative issues. In 1994, NPA played a key role in the passage of the Dietary Supplement Health and Education Act (DSHEA)."[2] Mr. Weickert alleges that Mr. Fabricant used NPA money to engage in illegal and unethical practices. The proposed transferee forum clearly has a strong interest in having this case heard locally, as NPA has a strong presence in Washington D.C. with only five other regional offices. NPA's conduct impacts not only the industry on behalf of which it lobbies, but residents of Washington D.C., some of whom were likely employed by NPA during the events alleged in Mr. Weickert's lawsuit.

---

[1] http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3
[2] http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8

- 4 -

**DECLARATION OF KATHLEEN M. HARTMAN IN SUPPORT OF STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**

8. Defendants' notice of removal alleges that Mr. Fabricant is a citizen of Washington D.C. and that NPA is a non-profit corporation with its principal place of business in Washington D.C. NPA is a citizen of Washington D.C.[3] Thus, complete diversity exists between the parties, with all defendants being citizens of Washington D.C. and Mr. Weickert being a citizen of California. Finally, the amount in controversy requirement has been met, as Defendants' Notice of Removal alleges that the amount in controversy exceeds $75,000.00 and Plaintiff agrees.

9. NPA and Mr. Fabricant reside in Washington D.C. and were both served with the Complaint and Summons while voluntarily present in Washington D.C. Thus, the District Court for the District of Columbia has personal jurisdiction over Defendants.

10. As established above, the District Court for the District of Columbia has personal jurisdiction over Defendant. Thus, they are residents of Washington D.C. for venue purposes and the District Court for the District of Columbia is a proper Venue.

I declare under the penalty of perjury of the laws of the United States of America that the forgoing is true and correct. Signed on January 26, 2016, in Irvine, California.

*/s/ Kathleen M. Hartman*
Kathleen M. Hartman

---

[3] NPA's status as a non-profit organization is immaterial for the analysis. A not-for-profit corporation is treated the same as a corporation with shareholders; the citizenship of its members is immaterial: "For purposes of diversity jurisdiction a corporation is a corporation is a corporation." *CCC Information Services, Inc. v. American Salvage Pool Ass'n* (7th Cir. 2000) 230 F.3d 342, 346.

- 5 -

**DECLARATION OF KATHLEEN M. HARTMAN IN SUPPORT OF STIPULATION TRANSFERRING VENUE PURSUANT TO 28 U.S.C. §1404(a)**